IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 29 2011

David J. Bradley, Clerk of Court

| | |
|---|---|
| TOMAC OF FLORIDA, INC., d/b/a § | |
| GLOBAL RESTORATION GROUP, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. B-09-38 |
| § | |
| CAS COMPANIES, L.P., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

BE IT REMEMBERED, that on December 14, 2010, the Court concluded the trial in the above captioned case. Based on the evidence at trial in the form of exhibits and testimony, the Court makes the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1. CAS and GRG are parties to several agreements to perform work on several projects in Cameron County.

2. The "Cameron County Projects Contract:" CAS and GRG contracted for GRG to provide rental equipment and to act as a sub-contractor on the following projects: (a) Adult Probation; (b) Boot Camp; (c) Hester Building; and (d) Sea Ranch (the "Cameron County Projects"). *See* Dkt. No. 55, Ex. 1.

3. The "Sunchase Project Contract:" CAS and GRG contracted for CAS to provide labor and materials and to act as a sub-contractor on a project at the Sunchase IV Condominiums on South Padre Island, Texas (the "Sunchase Project"). *See* Dkt. No. 54, Ex. 2.

4. CAS was the general contractor for Cameron County, Texas, on the Cameron County Projects.

5. GRG was the general contractor for the Sunchase IV Homeowners' Association, Inc., on the Sunchase Project.

6. The construction industry standard for unlisted or unscheduled labor is cost plus ten-

percent profit and ten-percent overhead ("Cost Plus 10 and 10").

### A. Sunchase Project Contract

1. CAS is owed $400,686.91 for the work CAS performed pursuant to the Sunchase Contract.

2. In performing its obligations under the Sunchase Contract, CAS supplied unscheduled materials. *See* Dkt. No. 54, Ex. 4; Dkt. No. 77.

3. CAS is entitled to recover $5,540.81 for the Cost Plus 10 and 10 for unscheduled materials supplied.

4. In performing its obligations under the Sunchase Contract, CAS supplied electrician's services.

5. CAS is entitled to recover $50,975.00 for electrician's charges.

### B. Cameron County Projects Contract

1. The Cameron County Projects Contract was primarily a "price list" contract in which CAS agreed to pay GRG a daily rate for certain items of labor, equipment, materials, mobilization, and other items listed on the price list schedule. Dkt. No. 55, Ex. 1.

2. GRG sent four invoices to CAS for each Cameron County job. *See* Adult Probation Invoices, Dkt. No. 55, Ex. 6A, 6C; Boot Camp Invoices, Dkt. No. 55, Ex. 7A, 7B; Hester Building Invoices, Dkt. No. 55, Ex. 8A, 8B; Sea Ranch Invoices, Dkt. No. 55, Ex. 9A, 9B.

3. The following labor, materials, and equipment are "price list" items under the parties' contract:
   a. Labor provided by GRG's sub-contractors;
   b. Decontamination charges;
   c. Per diem charges;
   d. Accessories;
   e. Equipment;
   f. Cabling System;
   g. Power grid and distribution system;
   h. Sales taxes.

4. The price list items were priced at a daily rate, except for labor, which generally was hourly.

5. GRG did not give CAS a ten-percent discount on big equipment.

6. GRG overbilled CAS $1,797.79 on the Adult Probation project.

7. GRG overbilled CAS $4,501.73 for Cost Plus 10 and 10 on the Adult Probation project.

8. GRG overbilled CAS $40,730.47 on the Boot Camp project.

9. GRG overbilled CAS $15,019.31 for Cost Plus 10 and 10 on the Boot Camp project.

10. GRG overbilled CAS $57,782.13 on the Hester Building project.

11. GRG overbilled CAS $33,550.85 for Cost Plus 10 and 10 on the Hester Building project.

12. GRG overbilled CAS $92,852.27 on the Sea Ranch project.

13. GRG overbilled CAS $21,980.48 for Cost Plus 10 and 10 on the Sea Ranch project.

14. CAS does not owe GRG for per diem charges related to Christine DeBraal.

15. Cameron County, Texas, as a governmental entity is exempt from sales tax.

16. CAS was required to provide GRG with a Texas Sales and Use Tax Exemption Certificate (Texas Comptroller of Public Accounts Form 01-339).

17. CAS failed to provide GRG with the Texas Sales and Use Tax Exemption Certificate.

18. CAS owes GRG $20,568.99 plus sales tax, if any, for labor and materials supplied on the Adult Probation project.

19. CAS owes GRG $29,163.15 plus sales tax, if any, for labor and materials supplied on the Boot Camp project.

20. CAS owes GRG $95,870.32 plus sales tax, if any, for labor and materials supplied on the Hester Building project.

21. CAS owes GRG $8,644.68 plus sales tax, if any, for labor and materials supplied on the Sea Ranch project.

22. Cameron County, Texas, paid CAS for the Cameron County Projects based upon invoices submitted to CAS by GRG.

## II. CONCLUSION OF LAW

1. GRG owes CAS $457,202.72 for work, services, and materials provided pursuant to the Sunchase Project Contract.

2. CAS owes GRG $154,247.14 plus sales tax, if any, for work, services, and materials provided pursuant to the Cameron County Projects Contract.

3. The provision by CAS to GRG of the Texas Sales and Use Tax Exemption Certificate within fifteen days of this order entitles CAS to a deduction of sales tax from the amount owed by CAS to GRG.

4. After off-sets, including sales tax deductions, GRG owes CAS $302,955.58.

5. Cameron County is entitled to reimbursement by CAS for amounts paid to CAS for the Cameron County Projects which the Court has found were not owed to GRG.

DONE at Brownsville, Texas, on December 29, 2011.

Hilda G. Tagle
United States District Judge